```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT D. MANNING,
                                                    13-CV-6604
                    Plaintiff,

         v.                                      DECISION & ORDER

SEVAN ASLANYAN, ARET KOCOGLU, EDWARD KOZIOL,
GARO JEMELIAN, JENNIE ALCANTARA,
ACCESS COUNSELING, INC., COLE ASIA BUSINESS
CENTER, INC., COLE GROUP INC., DOES 1-50,
AND AL DUARTE,

                    Defendants.
_____
```

## INTRODUCTION

Plaintiff Robert D. Manning ("plaintiff" or "Manning") brings this action for civil conspiracy, defamation, intentional infliction of emotional distress, and tortious and negligent interference with prospective economic advantage. Defendants Cole Asia Business Center, Inc. ("Cole Asia"), Sevan Aslanyan ("Aslanyan"), Aret Kocoglu ("Kocoglu"), Garo Jemelian ("Jemelian"), Jenny Alcantara ("Alcantara"), and the Cole Group Inc. ("the Cole Group") (collectively "defendants") move to dismiss plaintiff's complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for improper service, contending that plaintiff failed to serve defendants within the 120-day period mandated by Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion to dismiss is denied.

## BACKGROUND

Plaintiff was the president of the "DebtorWise Foundation," a non profit consumer debit and credit education company. He was introduced to Aslanyan, a California business man and owner of Cole Asia, the Cole Group, and Access Counseling, at the screening of a documentary film featuring plaintiff's research on consumer debt. Plaintiff and Aslanyan subsequently entered into a business relationship that centered on plaintiff's research and publications. Plaintiff alleges, however, that, in November 2012, Aslanyan and the other defendants began spreading a false story that plaintiff sexually molested a teenage girl while he was in the Philippines.

Plaintiff subsequently commenced this action against defendants by filing a complaint on November 8, 2013, alleging civil conspiracy, defamation, intentional infliction of emotional distress, and tortious and negligent interference with prospective economic advantage. It is undisputed that service of the summons and complaint was timely made upon Al Duarte, Access Counseling, and Edward Koziol. The remaining defendants were not served within 120 days of the filing of the complaint.

Plaintiff contends that his process server, Greg Long, attempted to serve the summons and complaint on the remaining defendants in November and December 2013, but they could not be located, and that when service was attempted at Cole Asia and the Cole Group's business address on December 6, 2013, Mr. Long was

advised that defendants no longer leased office space at that address. No information of defendants' new business address or registered agent was provided. Mr. Long and his firm continued to search for the individual defendants whereabouts between December 2013 and June 2014.

In April 2014, Mr. Long renewed his search and located a registered agent for Cole Asia in Newport Beach, California, but he was still unable to locate the Cole Group. Cole Asia was served with the summons and complaint through its registered agent, Frank Conner, Esq., on June 6, 2014, and, on June 11, 2014, service was made upon Aslanyan and Kocoglu, who had been traveling for extensive periods of time, at their home addresses. Plaintiff has continued to attempt to locate and serve Jemelian, Alcantara, and the Cole Group. It is plaintiff's belief that Alcantara is a citizen and resident of the Philippines, which is not disputed by defendants.

Defendants respond that service of the summons and complaint was not made upon them on or before the 120-day deadline of March 8, 2014. Defendants further assert that "Cole Asia is registered to transact business in the State of California and has authorized Mr. Conner to act as its agent for [receipt of] service of process." Hirt affidavit, p. 4. Defendants filed their motion to dismiss the complaint on June 27, 2014, and, on July 12, 2014, plaintiff filed a motion for leave to extend time for service of

process, addressing the same issues raised in defendants' motion to dismiss.

## **DISCUSSION**

Defendants move to dismiss the action arguing that plaintiff did not timely serve the summons and complaint within 120 days of plaintiff's filing of the complainant as required by Rules 4(j) and 4(m).

Fed. R. Civ. P. 4(m) provides that

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). Thus, if the complaint is not timely served, a court may dismiss the action without prejudice, or if plaintiff has demonstrated good cause for the delay of service, direct that service be effectuated within a specified time. *See* Fed. R. Civ. P. 4(m); *see also E. Refractories Co., v. Forty Eight Insulations*, 187 F.R.D. 503, 505 (S.D.N.Y.1999) (good cause "generally found only in exceptional circumstances where" untimely service "was the result of circumstances beyond [plaintiff's] control").

However, "even if there is no good cause shown," a court, in its discretion, may extend a plaintiff's time for service. Fed. R. Civ. P. 4(m), Advisory Committee's Notes (1993); *see also Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir.2007); *E. Refractories*, 187

F.R.D. at 506. "To obtain a discretionary extension absent a showing of good cause, the plaintiff must ordinarily advance some colorable excuse for neglect." *Smith v. Bray*, 2014 WL 5823073, at *6 (S.D.N.Y.2014) (internal quotation marks omitted). The motion court should consider whether: (1) any applicable statutes of limitations would bar the action once refiled; (2) the defendant had actual notice of the claims asserted in the complaint; (3) efendant attempted to conceal the defect in service; and (4) defendant would be prejudiced by extending plaintiff's time for service. *See E. Refractories*, 187 F.R.D. at 506.

Here, plaintiff filed the complaint on November 8, 2013, and thus, service should have been completed on or before March 8, 2014. However, plaintiff made several attempts to serve the summons and complaint upon defendants during the proscribed period. In addition to diligent attempts to locate Cole Asia and Cole Group, plaintiff attempted to serve Aslanyan and Kocuglu between December 2013 and June 2014. Plaintiff contends, and defendants do not dispute, that Aslanyan controls both Cole Asia and the Cole Group. Therefore, because the complaint has already been served as stated above, and none of the defendants has alleged or shown prejudice resulting from the delay in service, there is no basis to grant defendants's motion to dismiss.

Plaintiff concedes that he would not be barred by the statue of limitations from refiling his action. However, plaintiff served defendants less than 90 days after his time to serve had expired

and, in their motion papers, defendants do not allege any prejudice resulted from that delay. Additionally, the "Business Entity Search" for Cole Asia that has been submitted by the parties establishes that Cole Asia was no longer located at the business address known to plaintiff, and that Mr. Conner was the company's registered agent for service of process only as of December 12, 2013. The "Business Entity Search" for the Cole Group establishes that the company does business in California as the Cole Business Group, Inc. The attorney representing all of the defendants has advised plaintiff that he is not authorized to accept service of the summons and complaint on behalf of the remaining defendants.

In light of the foregoing, the Court finds that a discretionary extension of time is warranted and hereby deems plaintiff's service of the summons and complaint upon defendants Aslanyan and Kocoglu as timely. Defendants' motion to dismiss the complaint is denied and they shall file an answer to the complaint in accordance with the Federal Rules of Civil Procedure. The Court also grants plaintiff's motion to extend time for service of process on the remaining defendants, Jemelian, Alcantara, and the Cole Group. Plaintiff shall have thirty (30) days from the date of this Order in which to effect service of process upon those remaining defendants.

## CONCLUSION

For the reasons set forth above, plaintiff's service of the summons and complaint upon defendants Aslanyan and Kocoglu is

hereby deemed timely and defendant's motion to dismiss the complaint is denied. Plaintiff's motion to extend time for service of process on the remaining defendants, Jemelian, Alcantara, and the Cole Group, is granted as follows. Plaintiff shall have thirty (30) days from the date of this Order in which to effect service of process upon defendants Jemelian, Alcantara, and the Cole Group.

**ALL OF THE ABOVE IS SO ORDERED.**


                                                  s/Michael A. Telesca
                                              MICHAEL A. TELESCA
                                              United States District Judge

Dated:     Rochester, New York
             January 28, 2015